UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA KEEVON FAULK,

    Plaintiff,

v.                                     Case No.: 8:25-cv-63-WFJ-LSG

OVERLAND CONTRACTING, INC.,
*a Black & Veatch Company*,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

The *pro se* plaintiff Joshua Keevon Faulk sues for employment discrimination and moves to proceed without pre-payment of the filing fee. Docs. 1, 2. As explained below, I recommend denying the motion to proceed *in forma pauperis* and dismissing the complaint without prejudice and with leave to amend.

## I. Allegations of the complaint

Faulk worked for the defendant Overland Contracting, Inc., as a "Solar Installer" beginning on October 1, 2023. Doc. 1 at 7, Doc. 1-1 at 6. On his first day, Faulk heard other members of the Spanish-speaking crew use "derogatory and offensive slurs" about his race and sexual orientation, such as "maricon" and "puela."[1] Doc. 1-1 at 6. Faulk is an African American man. Doc. 1-1 at 6. The

---

[1] *Maricon*, Collins Dictionary (Online Edition), https://www.collinsdictionary.com/dictionary/spanish-english/maric%C3%B3n (last visited Mar. 18, 2025) (describing the word as a very informal and offensive reference to homosexuality); *Puella*,

1

foreman's girlfriend followed Faulk closely and asked him "personal and upsetting questions." Doc. 1-1 at 6. When the foreman saw this, the foreman began retaliating against Faulk. Doc. 1-1 at 6. As a result, Faulk completed an incident report and provided it to Human Resources. Doc. 1-1 at 6.

The defendant moved Faulk to a different crew that spoke Creole-Haitian. Doc. 1-1 at 6. Shortly after Faulk started work with the new crew, he overheard crew members asking why Faulk had moved, and the foreman described to the crew Faulk's report to HR. Doc. 1-1 at 6. Faulk immediately reported this incident to HR, which "failed to provide proper and adequate intervention and violated [his] confidentiality by bringing in the Head of Safety and another safety employee to witness [his] report." Doc. 1-1 at 6. After receiving an instruction to leave for the day, Faulk went to his car and completed a "declaration of disability," which he delivered to HR. Doc. 1-1 at 6. An HR employee copied the declaration "near other employees" and Faulk left. Doc. 1-1 at 6.

When Faulk reported to work the following day, an HR employee confronted him and asked whether he had read his e-mail. Doc. 1-1 at 6. Because he had not, the employee handed Faulk a paper and told him to "bring it to [his] doctor for his disabilities." Doc. 1-1 at 6. Faulk had not requested an accommodation, but the

---

Latin Dictionary & Grammar Resources, https://latin-dictionary.net/definition/32224/puella-puellae (last visited Mar. 18, 2025) (defining the word to mean girl, maiden, slavegirl, sweetheart, or young woman).

employee nonetheless told him not to report to work until he provided the medical paperwork. Doc. 1-1 at 6.

On February 1, 2024, Faulk filed a charge of discrimination with the Florida Commission on Human Relations. Doc. 1-1. In that charge, Faulk alleges (1) discrimination based on his race, sex, national origin, and genetic information; (2) discrimination based on his "disabilities and/or being regarded as disabled; (3) violation of "HIPPA confidentiality"; (4) defamation of character; and (5) retaliation. Doc. 1-1 at 6. Faulk received his "Right to Sue" letter on November 14, 2024, and filed this action on January 9, 2025. Doc. 1.

Faulk's complaint largely mirrors his discrimination charge but adds a claim for wrongful termination. Doc. 1 at 4. Faulk further alleges that he never received payment for the time he worked for the defendant. Doc. 1 at 7. Faulk demands that the defendant "be directed and held accountable for implementing the sum of ten million dollars . . . towards training . . . to create an environment of fellowship, diversity and inclusion." Doc. 1 at 5. Additionally, Faulk requests "whatever the judge sees fit to grant for the ordeal I encountered." Doc. 1 at 5.

II. Discussion

    a. Standard of review

A plaintiff must pay a filing fee to commence a civil action in federal court. 28 U.S.C. § 1914(a). However, on a finding of indigency a court may permit a civil action to proceed without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). Under section 1915, a litigant may commence an action "by filing in

good faith an affidavit stating . . . that [the litigant] is unable to pay the costs of the lawsuit." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Proceeding *in forma pauperis* "is a privilege extended to those unable to pay filing fees" and is not an "absolute right." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[2] After reviewing the affidavit to determine the economic status of the litigant, the court must review and dismiss if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

To state a claim, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. FED. R. CIV. P. 8(a)(1)–(3); *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016). A pleading must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." FED. R. CIV. P. 10(b). These pleading requirements "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (adopting as binding precedent decisions of the former Fifth Circuit Court of Appeals decided on or before September 30, 1981).

claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).

Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege facts supporting an entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint's legal theories lack merit or if the complaint's factual allegations fail to state a plausible claim for relief, the court may dismiss the complaint before service of process. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam). Although a *pro se* pleading receives a liberal construction, a *pro se* plaintiff must nonetheless comply with the Federal Rules of Civil Procedure and the Middle District of Florida's Local Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

    b.  **The complaint fails to satisfy the pleading standard.**

Written in a narrative format, the "facts" of Faulk's complaint are sweeping and conclusory. Doc. 1 at 7. Faulk alleges that, while he worked for the defendant, he experienced "many racial remarks about [his] sexuality, demeaning statements discounting [his] manhood, supervisor retaliation, sexual harassment, public defamation, violations of disability and hippa rights and willfulness to share

5

confidential information." Doc. 1 at 7. He alleges that he was "cohursed at many times to go along with very uncomfortable situations" and that he is "a person with disabilities." Doc. 1 at 7. The facts underlying these statements appear in Faulk's discrimination charge, Doc. 1-1.

As structured, the complaint lacks sufficient factual support and fails to conform to the pleading requirements. Faulk fails to organize his legal claims into separate "counts" or sections as required by Rule 10. Faulk fails to organize his facts in a manner that shows the facts supporting each claim. By including only a conclusory narrative devoid of factual allegations, Faulk fails to provide the defendant notice of the facts supporting each claim and, as explained below, fails to state a plausible claim on all counts.

### c. The complaint fails to state a claim under Title VII.

Title VII of the Civil Rights Act of 1964 prohibits an employer's failing or refusing to hire, discharging, or otherwise discriminating against an individual "with respect to his compensation, terms, or conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *Bostock v. Clayton Cnty, Ga.*, 590 U.S. 644, 660 (2020) (concluding that the prohibition against "sex" discrimination includes an individual's sexual orientation or transgender status); *Eliassaint v. RTG Furniture Corp.*, 551 F. Supp. 3d 1293, 1302–03 (M.D. Fla. 2021). Prohibited discrimination occurs through "disparate treatment," in which "an employer discriminates against a worker 'with respect to his compensation, terms, conditions, or privileges of employment, because

of' the individual's membership in a protected category." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010). Disparate treatment involves either a "tangible employment action" such as firing or demotion or a "hostile work environment" that alters 'the terms and conditions of employment, even though the employee is not discharged, demoted, or reassigned.'" *Id.*

A hostile work environment describes a workplace that is "'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment.'" *Adams v. Austal*, 754 F.3d 1240, 1248 (11th Cir. 2014) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). An employee must allege (1) that he is a member of a protected class, (2) that he experienced unwelcome harassment, (3) that the harassment was based on his protected class, (4) that the harassment was so severe or pervasive as to alter the terms and conditions of his employment, and (5) that the employer is either directly or vicariously liable for the harassment. *Id.* at 1248–49; *Fitzpatrick v. Wilkie*, Case No. 5:19-cv-623-Oc-30PRL, 2020 WL 1102508, *3 (M.D. Fla. Feb. 12, 2020).

Faulk's discrimination charge says that he is African American and of African origin. Doc. 1-1. Faulk alleges hearing "derogatory and offensive slurs" about his race and sexual orientation, but the only alleged slurs are "maricon" and "puela," which appear directed at Faulk's sexual orientation. Doc. 1-1 at 6. Nothing in the complaint or discrimination charge describes harassment or a tangible employment action based on Faulk's race or national origin. Accordingly, Faulk fails to allege facts supporting a plausible claim for race or national origin discrimination. *See Uppal*

7

*v. Hosp. Corp. of Am.*, 2011 WL 2631869, *3 (M.D. Fla. Jul. 5, 2011) (collecting cases).

As for Faulk's sex discrimination claim, although Faulk alleges nothing about his "sex," his pleadings suggest he is a man. Doc. 1 at 7; Doc. 1-1 at 6. Neither his complaint nor his discrimination charge alleges his sexual orientation. Docs. 1, 1-1. Faulk alleges no facts supporting an inference that some tangible employment action occurred because of his sexual orientation. At most, his allegations suggest a hostile work environment claim. However, Faulk's complaint falls short of describing a work environment "sufficiently suffused with 'intimidation, ridicule, and insult . . . to alter the conditions of the victim's employment." *Copeland v. Georgia Dep't of Corr.*, 97 F.4th 766, 775 (11th Cir. 2024). Instead, Faulk's factual allegations suggest that the derogatory slurs aimed at Faulk's sexuality occurred once, after which the defendant transferred Faulk to another crew. Doc. 1-1 at 6. Together with the other pleading deficiencies, these allegations are not enough to state a plausible claim for sex discrimination.

### d. Faulk fails to state a claim for genetic discrimination.

The Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff, et seq., ("GINA") prohibits an employer's failing or refusing to hire or discharging an employee, or otherwise discriminating against an employee "with respect to the compensation, terms, conditions, or privileges of employment of the employee, because of genetic information with respect to the employee." 42 U.S.C. § 2000ff-1(a)(1). "Genetic information" includes information about (1) an individual's genetic

tests, (2) the genetic test of an individual's family member, and (3) "the manifestation of a disease or disorder in family members" if an individual. 42 U.S.C. § 2000ff(4). An employer also cannot "limit, segregate, or classify the employees of the employer in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee" because of the employee's genetic information. 42 U.S.C. § 2000ff-1(a)(2). Under GINA, an employer must treat employee genetic information with confidentiality and limit disclosure. 42 U.S.C. § 2000ff-5. For private sector employees, GINA provides the same remedies as those available under Title VII. 42 U.S.C. § 2000ff-6.

Nowhere does Faulk allege facts supporting a plausible claim that the defendant discriminated against him based on his or a family member's genetic information. Faulk's complaint and attachments say nothing about genetic information, aside from invoking the statute in his discrimination charge and saying that Faulk believes the defendant discriminated against him because of his genetic information. Doc. 1-1 at 6. Although Faulk alleges that he provided information about his disability to his employer, that alone cannot support an inference that his employer gained access to genetic information and impermissibly used that information against him. Accordingly, Faulk fails to state a claim under GINA. *See Ashcroft*, 556 U.S. at 678; *Bell v. PSS World Med., Inc.*, No. 3:12-cv-381-J-99MMH-JRK, 2012 WL 6761660, at *3 (M.D. Fla. Dec. 7, 2012) (holding that a plaintiff fails

to state a valid claim under GINA with conclusory allegations devoid of factual support).

### e. Faulk fails to state a claim for disability discrimination.

Under the Americans with Disabilities Act, an employer "shall not 'discriminate against a qualified individual on the basis of disability in regard to . . . discharge . . . and other terms, conditions, and privileges of employment.'" 42 U.S.C. § 12112(a). To state a claim for disability discrimination under the ADA, a plaintiff must allege "sufficient facts to plausibly suggest '(1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a 'covered entity' discriminated against him on account of his disability.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1264 (11th Cir. 1997)). A "disability" is a physical or mental impairment that substantially limits one or more major life activities, whether the individual has a record of such an impairment or is "regarded as having" such an impairment. *Surtain*, 789 F.3d at 1246–47. A "qualified individual" is one "'who, with or without reasonable accommodation, can perform the essential functions' of her employment." *Id*.

Faulk alleges that he is "a person with disabilities" and that he completed a "declaration of disability" but nowhere does Faulk allege the nature of his disability. Doc. 1 at 7, Doc. 1-1 at 6. Neither does Faulk allege that he is a qualified individual. Finally, Faulk's complaint nowhere connects his unspecified disability to some

discriminatory conduct by the defendant. Accordingly, Faulk fails to state a claim for disability discrimination.

### f. Faulk fails to state a claim for retaliation.

An employer may not retaliate against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing [thereunder]." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (quoting 42 U.S.C. § 2000e–3(a)). A retaliation claim requires a plaintiff show "(1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Id*. An adverse employment action is anything that "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Faulk's discrimination charge, which he attaches to his complaint, plausibly alleges protected activity in his reporting to HR about derogatory and offensive slurs and retaliation. Doc. 1-1 at 6. Although Faulk alleges facts that could conceivably constitute an adverse employment action—such as improper disclosure of his complaint to other employees and a failure to intervene—Faulk nowhere alleges facts showing a causal connection between his protected activity and the allegedly adverse actions. *See Crawford*, 529 F.3d at 970; *Burlington N. & Santa Fe Ry. Co*, 548 U.S. at

68; *Simmons v. Camden Cnty. Bd. of Educ.*, 757 F.2d 1187, 1189 (11th Cir. 1985). Accordingly, Faulk fails to state a plausible retaliation claim.

### g. Faulk fails to state a claim for "defamation of character"

State law governs a defamation claim. *See Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018). Because jurisdiction exists over Faulk's employment discrimination claims, this Court may exercise supplemental jurisdiction over the related defamation claim. 28 U.S.C. § 1367; *Henley v. Payne*, 945 F.3d 1320, 1329 (11th Cir. 2019) (holding that if a federal court has federal question jurisdiction over some claims, then the court may exercise supplemental jurisdiction over state-law claims that "derive from a common nucleus of operative fact." (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997))). The forum state's choice of law rules apply to a pendant state law claim. *Open Sea Dist. Corp. v. Artemis Dist., LLC*, 692 F. Supp. 3d 1151, 1174–75 (M.D. Fla. 2023); *see also Int'l Ins. Co. v. Johns*, 874 F.2d 1447, 1458 n.19 (11th Cir. 1989). "Florida applies the 'most significant relationships test' for torts, which requires looking at 'the place where the injury occurred,' 'the place where the conduct causing the injury occurred,' 'the place of business of the parties,' and 'the place where the relationship, if any, between the parties is centered.'" *Blue-Grace Logistics LLC v. Fahey*, 653 F. Supp. 3d 1172, 1183 (M.D. Fla. 2023).

Here, the relationship, the conduct, and the alleged injury occurred in Florida. Therefore, Florida law applies. *Id*. The elements of a defamation claim are

"(1) publication; (2) falsity; (3) [an] actor [who] . . . act[ed] with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008).

Faulk's complaint articulates none of the elements of defamation. No publicized false statement is apparent from the conclusory allegations of the complaint or the factual allegations in the discrimination charge. Here again, because Faulk fails to comply with the pleading requirements of Rules 8 and 10, neither the Court nor the defendant can determine the factual basis for this claim.

    h.  **No private right of action exists for a HIPAA violation.**

Faulk alleges that his right to "HIPAA confidentiality was violated," which refers to the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d, et seq., and 45 C.F.R Parts 160 and 164. Doc. 1-1 at 6. However, no private right of action exists under HIPAA. *Sneed v. Pan Am. Hosp*, 370 F. App'x 47, 50 (11th Cir. 2010); *Crawford v. City of Tampa*, 397 F. App'x 621, 623-24 (11th Cir. 2010). Therefore, his claim fails.

### III.  Conclusion

Accordingly, as explained above, I recommend an order (1) denying the motion to proceed *in forma pauperis*, Doc. 2, and (2) dismissing the complaint without

prejudice and with leave to file[3] an amended complaint that comports with Rules 8 and 10, Federal Rules of Civil Procedure; the Middle District of Florida's Local Rules; and this report.

**REPORTED** on this 26th day of March, 2025.

                                                                                                    LINDSAY S. GRIFFIN
                                                                                                    United States Magistrate Judge

---

[3] To the extent Faulk intends to represent herself in this matter, he should familiarize himself with the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida. Faulk may review copies of the Federal and Local Rules online or in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. Faulk may seek assistance in pursuing his claim from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Bryant is also encouraged to consult the "Litigants Without Lawyers" guidelines on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers.

## **NOTICE TO PARTIES**

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation or to seek an extension of the fourteen-day deadline. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). If the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.